HENRY O'HARA ET AL. *v.* F. J. ALEXANDER AND HUSBAND.

1. MARRIED WOMAN. *Conveyance to pay husband's debt. Purchaser from her grantee.*
Mrs. A., in conjunction with her husband, conveyed to O., by a deed absolute upon its face, a tract of land, her separate property, in satisfaction of the husband's debt. O. afterwards sold and conveyed the land to C. & Co., in payment of a debt due by him to them. C. & Co. had no knowledge or notice of the transaction upon which the conveyance from Mrs. A. to O. wa. based, and there was nothing to put them upon inquiry. Thereupon Mrs. As filed her bill to have her conveyance treated as a mortgage of the income of her property, and to establish her right of redemption. *Held*, that the bill is not maintainable against C. & Co., who were purchasers for value and without notice, although it would be maintainable against O., or any purchaser from him with notice, or a mere volunteer purchaser.

2. PURCHASER. *Consideration. Antecedent debt.*
The purchaser of property upon the consideration of an antecedent debt is a purchaser for value.

APPEAL from the Chancery Court of Lincoln County.
Hon. T. Y. BERRY, Chancellor.
The case is sufficiently stated in the opinion of the court.
*R. H. Thompson*, for the appellants.

Chaffe & Co. were purchasers for value, and without notice of Mrs. Alexander's rights against O'Hara, if she had any, and the law protects them as innocent purchasers. *Newell* v. *Crider*, 50 Miss. 539; *Love* v. *Taylor*, 26 Miss. 567; *Per-*

*kins* v. *Swank*, 43 Miss. 349 ; *Hinds* v. *Pugh*, 48 Miss. 275 ;
*Schumpert* v. *Dillard*, 55 Miss. 348.

*Sessions & Cassedy*, for the appellees.

Mrs. Alexander's deed to O'Hara showed the consideration
to be the payment of her husband's debt, and that was suffi-
cient notice to put Chaffe & Co. upon inquiry. *Parker* v.
*Foy*, 43 Miss. 260 ; *McLeod* v. *National Bank*, 42 Miss. 99 ;
*Martin* v. *Nash*, 2 Geo. 324. There is nothing to show that
Chaffe & Co. advanced any new consideration to O'Hara, or
released or discharged any security or claim against him.
6 Smed. & M. 286 ; 6 How. 258 ; 5 Geo. 56 ; 40 Miss. 516 ;
42 Miss. 99. O'Hara only acquired the income to the prop-
erty, and could convey nothing more. 14 Smed. & M. 187 ;
11 Smed. & M. 78, 86.

Chalmers, J., delivered the opinion of the court.

Mrs. Alexander, in conjunction with her husband, by a deed
absolute upon its face, conveyed her separate property to
O'Hara in satisfaction of her husband's debts.

There was nothing upon the face of the deed to suggest the
nature of the consideration, the recital being that the property
was conveyed " in consideration of the sum of twelve hundred
and fifty-three dollars in hand paid."

Six months afterwards, O'Hara sold and conveyed the prop-
erty to Chaffe & Co., of New Orleans, in satisfaction of an
indebtedness due by him to them. They had no notice or
knowledge of the nature of the transaction between O'Hara
and Mrs. Alexander, and there was nothing to put them upon
inquiry. The reception of property in satisfaction of an ante-
cedent indebtedness constitutes the recipient a purchaser for
value.

This bill, brought by Mrs. Alexander for the purpose of
having her conveyance treated as a mortgage of the income
of her property for her husband's debt, and for the right to
redeem, cannot be maintained.

It would be maintainable against O'Hara, or against any

purchaser from him with notice, or against a mere volunteer, but against a purchaser for value, without notice, it is not; nor is there any thing in the case of _Irwin_ v. _Hill, Strange & Co._, 47 Miss. 676, which conflicts with this view, because there, as appears from the statement of facts in the opinion, the suit was against the original vendee of the wife.

When the wife puts the conveyance of her property for her husband's debts in the shape of an absolute deed in fee, it would be utterly destructive of the security of titles to allow her, as against _bonâ fide_ purchasers, to annul the titles thereafter acquired on the faith of her act.

Decree reversed and bill dismissed.