## MAY & VAUGHT *v.* E. A. TAYLOR.

1. FRAUD. *Transfer of goods by debtor.  Evidence.  Instruction.*

    Where, in the trial of a case, the question of fraud as to a transfer of an insolvent debtor's goods is involved, and there is evidence tending to show that he made the transfer for the purpose of dictating terms of settlement to his creditors, it is improper for the court to instruct the jury that such transfer " has no such appearance of fraud as would authorize the jury to declare it void." They should be left free to determine whether the debtor's purpose was fraudulent or not.

2. PAYMENT. *By debtor.  His money.  Wife's account.  Appropriation.*

    If a debtor conducting business with his own means, but in his wife's name, make a payment out of such means to his creditor, the latter may appropriate it to the debtor's individual account, though he may have intended it to be applied to his wife's account.

·APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

W. B. Taylor, a merchant doing business in the city of Meridian, being unable to meet his liabilities, on the 12th of January, 1884, sold his stock of goods, notes, and accounts to John Williams. On the 11th of February, 1884, Williams sold the remnant of the same stock of goods to E. A. Taylor, the wife of W. B. Taylor, and on the next day she gave her husband a power of attorney, authorizing him to sell out such stock and to continue the business of buying and selling goods for her and in her name.

W. B. Taylor was indebted to May & Vaught, merchants in New Orleans, in the sum of seventy-six dollars for goods sold him in December, 1883.  On the 20th of February, 1884, Taylor was in New Orleans and paid seventy dollars to May & Vaught and ordered of them a bill of goods for about one hundred and thirty-seven dollars, on account of and to be shipped to E. A. Taylor.  The goods were not shipped, and on the 1st of March, 1884, E. A. Taylor, through W. B. Taylor as her agent, sued out an attachment before a justice of the peace against May & Vaught for the seventy dollars paid them as above stated, on the ground " that they fraudulently contracted or incurred the obligation for which suit has been or is about to be brought."  The defendants

appeared by attorney, a judgment was rendered against them, and they appealed to the circuit court.

In the circuit court W. B. Taylor testified that his business was initiated and conducted upon money borrowed from his wife, and that his purpose in selling out to Williams was to prefer his wife as a creditor, which he did by turning over to her the proceeds of the sale. He further testified that the seventy dollars paid to May & Vaught on the 20th of February, 1884, were in part payment for a bill of goods which he had ordered for the account of E. A. Taylor, and that the money was paid by him and received by A. H. May, one of the defendants, upon the understanding that it should be so applied. May testified that the payment was made before Taylor ordered the goods for his wife, and that nothing was said about how it should be applied; that he told Taylor he could not ship the goods ordered without consulting his partner. The receipt recited that the money was received "from W. B. Taylor on account;" but Taylor says that he did not think to look at the receipt when it was handed to him, and that it was too late in the evening for him to have read it if he had thought to do so. The justice of the peace from whose judgment the case was appealed testified that Taylor swore in his court " that he sold out for the purpose of protecting his wife and dictating terms to his creditors." The witness was " not positive about his saying ' to protect his wife,' " but knew he said " to dictate terms to his creditors."

The court gave for the plaintiff the following among other instructions:

" 1. The transfers of the groceries from W. B. Taylor to Williams and from Williams to E. A. Taylor have no such appearance of unfairness or fraud as would entitle the jury to declare said transfers void.

" 3. W. B. Taylor had a right to prefer his creditors, and the sale by Taylor of the stock of groceries to Williams and the sale of same by him to E. A. Taylor was *primâ facie* fair and in good faith, and unless the defendants offer evidence tending to prove fraud in the transaction, the jury will be warranted in so presuming."

The court refused to give for the defendants the following instructions :

" 1. If the jury believe from the evidence that the defendants are not indebted to the plaintiff, then the attachment has been wrongfully sued out and the jury should return a verdict for the defendants.

"4. If W. B. Taylor was doing business with his own means, such means were liable to the payment of his debts, notwithstanding he was doing business in his wife's name.

" 5. If the jury believe from the evidence that the money paid to May & Vaught was, in fact, the money of W. B. Taylor, then May & Vaught had the right to appropriate it to the payment of his debt to them, and the jury will find for the defendants."

The verdict and judgment were in favor of the plaintiff, and the defendants appealed.

*F. V. Brahan,* for the appellants.

1. The court erred in granting all the instructions asked by appellee, and particularly the instruction numbered one, which contained matters of fact that should have been left for the jury to determine.

2. As to the assignment that the court erred in refusing the first, second, third, fourth, and fifth instructions asked by appellants, I think that it is only necessary to direct this court's attention to them, and I do not think it necessary to discuss those propositions of law.

*W. N. King,* for the appellee.

It is a well-settled principle of law that a receipt may be explained, or even what it purports to show may be denied. Taylor's explanation of the receipt is uncontroverted. If the verdict is *right* on the evidence defendants cannot take advantage of faulty instructions in the appellate court. *Richmond and Danville Railroad Co.* v. *Medley,* 75 Va. Reports 498 ; *Craft* v. *Bloom,* 59 Miss. 69.

COOPER, J., delivered the opinion of the court.

There was evidence tending to prove that Taylor assigned his

choses in action to his wife with intent to defraud his creditors. A debtor has no right in law to transfer his estate to another in order that he may "dictate terms of settlement to his creditors." Whether the evidence was sufficient to establish a fraudulent purpose was a question for the jury. The first and third instructions given for the plaintiff were erroneous in being upon the weight of the evidence.

The first, fourth, and fifth instructions asked by the defendants and refused by the court should have been given. If the defendants were not indebted to the plaintiff they were entitled to a judgment, and if the money received by them was the money of Taylor, who was conducting business with his own funds but in the name of his wife, she has sustained no injury by the appropriation of it by the defendants to the payment of their claim.

*Judgment reversed.*