## SYLVAN LADNIER *v.* CELESTINE LADNIER.

1. JUDGMENT. *Validity of. Sufficiency of justice of peace's record.*

The entry of a suit on a justice of the peace's docket showed the names of the plaintiff and defendant respectively, and that the suit was "assumpsit" for " eighty-one dollars." The summons informed the defendant of the amount of the demand, and that it was based on a promissory note given on a certain date. The judgment entered, after noting the appearance of the parties, recites that "the court having satisfaction in the premises, it was therefore ordered and considered by the court that the plaintiff recover of and from defendant the sum as claimed in the above case, together with all costs of this suit." *Held,* that the record thus made shows a valid though informal judgment.

2. FRAUDULENT CONVEYANCE. *Trial under ⸹ 1767, Code of 1880. Intent of grantor. Bona fide purchaser for value. Instruction.*

C., a judgment-creditor, after execution returned " *nulla bona,*" sought to subject certain personal property to the payment of her judgment, suggesting by affidavit, under ⸹ 1767, Code of 1880, that E., the judgment-debtor, had fraudulently transferred the same to S. to avoid payment thereof. E. and S. denied fraud, and S. claimed to be a *bona fide* purchaser for value, and presented evidence which tended to show a purchase for value and in good faith. On the trial the court instructed the jury that the only question to be determined was whether E. had fraudulently transferred the property to S. to avoid the payment of the judgment of C. *Held,* that this instruction was wrong in excluding from the consideration of the jury the question whether S. was a *bona fide* purchaser for value, for, if he was such, he was entitled to retain the property notwithstanding the fraudulent intent of C.

3. SAME. *Practice. Instruction on the weight of evidence.*

The question being whether certain property has been fraudulently transferred

to avoid the payment of a judgment, it is error, as being upon the weight of evidence, for a court to instruct the jury that certain facts stated in the instruction are circumstances "indicating" a fraudulent intent.

APPEAL from the Circuit Court of Harrison County.

HON. S. H. TERRAL, Judge.

Celestine Ladnier instituted suit on a certain promissory note against Eli Ladnier before a justice of the peace and obtained judgment thereon. The entry on the docket of the justice is as follows:

" CELESTINE LADNIER }
        *v.*          } Eighty-one dollars.   Assumpsit.
  ELI LADNIER,        }

" Summons issued July 9, 1885, returnable July 18, 1885; continued till August 8, 1885. Now comes the case to be heard, parties appearing in person and by counsel, the court having satisfaction in the premises, it was therefore ordered and considered by the court that the plaintiff, Celestine Ladnier, recover of and from defendant, Eli Ladnier, the sum as claimed in the above case, together with all costs of this suit, for which let execution issue this the .18th of August, 1885." The summons gave notice that Eli Ladnier was to appear "to answer the demand of Celestine Ladnier of eighty-one dollars, it being the amount of a promissory note given the 2d day of May, 1885." A return of "*nulla bona*" having been made on an execution issued upon .this judgment, the plaintiff appeared and made an affidavit (under § 1767, Code of 1880), that defendant had fraudulently sold and transferred certain personal property to his brother, Sylvan Ladnier, to avoid the payment of her judgment. The justice of the peace filed this affidavit, but disposed of it by indorsing it " overruled by court after dismissal of case." The plaintiff appealed to the circuit court. Eli and Sylvan Ladnier both testified on the trial in that court, and denied any fraud on their part. The evidence was conflicting. Sylvan Ladnier testified that his brother was indebted to him in the sum of one thousand and ninety dollars, and sold him the property in question in part payment of this debt, and that he was a *bona fide* purchaser for value.

64 MISS.—24.

The jury found in favor of the plaintiff, Celestine Ladnier, and Sylvan Ladnier appealed.

The court instructed the jury for the plaintiff as follows:

" 1. The court instructs the jury that the only question before them is whether the defendant sold the property in question with intent to defraud this plaintiff, and if they believe from the evidence that Eli Ladnier sold said property to Sylvan Ladnier, his brother, to defraud and defeat the payment of the note sued on, then they must find the issue for the plaintiff."

" 3. The plaintiff asks the court to instruct the jury that the sale of property by an insolvent or one in failing circumstances while a suit is pending against him is a circumstance indicating a fraudulent intent on his part to defraud his creditors."

" 4. The sale of all the property of an insolvent debtor at the time and place and to one person is a circumstance indicating the fraudulent intent of the debtor, and is to be considered by the jury as a circumstance to be weighed by them in deliberating on their verdict."

*Roderic Seal* and *Calvit Roberts*, for the appellant.

1. The transcript from H. Crawfoot, the justice of the peace before whom the original case of *Celestine Ladnier* v. *Sylvan Ladnier* was tried, only shows this much and no more : " The court having satisfaction in the premises, it was therefore ordered and considered by the court that the plaintiff, Celestine Ladnier, recover of and from defendant, Eli Ladnier, the sum claimed in the above case, together with all costs of this suit." This so-called judgment was not for a specified sum, and if no sum specified, it is clear that it is not a judgment. This record fails to show any sum that was claimed. The Code 1880, § 2196, requires every person desiring to sue before a justice of the peace to " lodge with him the evidence of debt, statement of account, or other written statement of the cause of action." This record fails to show any of these requisites. Now, what was sued for in this case? Thence it follows that no claim was sued for, and the supposed judgment was for no specified sum, and absolutely *void*. There is a wide difference in this case and the case of *Nellie E. Swain, Admx.*, v.

*P. N. Gilder*, 61 Miss. · 667. In that case it is shown that the suit was based on a promissory note filed when the suit was brought, and the defendant appeared in open court and confessed judgment in favor of plaintiff for one hundred and forty-five dollars and interest. This was sufficiently certain. No such proceeding was had in this case. It will not be seriously contended that a justice of the peace can issue an execution upon a judgment formed in his mind and not entered of record. If so, then § 2193 of the Code of 1880 is a mere nullity and of no force. Said § 2193 requires every justice of the peace to keep a well-bound book, styled a docket, in which he shall enter the names of the parties in any suit brought before him and what is sued for, the time of issuing process and when returnable, and the return made therein by the officer, etc., the appearance or default, and the date and amount of the judgment, and it is further made the duty of the justice under this section when required to grant to either party a certified copy of such proceedings and of all the papers and process relating thereto. This fails to show a copy of the claim sued on, any of the papers, or even a transcript from such docket.

2. The instructions for plaintiff were not based on the testimony before the court. They assumed facts to be proven that were not proven.

3. The third instruction assumes the fact that Eli was insolvent or in failing circumstances when this suit was pending against him, as a circumstance indicating a fraudulent intent on his part to defraud his creditors. How is the jury to determine these facts? We say only from testimony. It is a fact not denied that there was neither this suit nor any other suit pending against Eli Ladnier when he made this conveyance to pay appellant a just and honest debt. We refer the court to the following cases, viz.: *O'Reily* v. *Hendrick*, 2 S. & M. 388 ; *Payne* v. *Green*, 10 S. & M. 507 ; *Wiggins* v. *McGimpsey*, 13 S. & M. 532 ; *Hyde* v. *Finley*, 4 Cushman 468 ; *Wright* v. *Clarke*, 5 George 116 ; *Lombard* v. *Martin*, 10 George 147 and 335 ; *Denis* v. *McLaurin*, 2 George 606 ; *Fairly* v. *Fairly*, 9 George 280 ; *S. P., N. O., J. & G. M. R. R. Co.* v. *Statham*, 42 Miss. 607.

4. The fourth instruction is a mere abstraction, without any reference to the testimony in the case, and instructs the jury what to do upon an assumed legal proposition not pertinent to the issue before them.

The court certainly erred in refusing to grant a new trial.

*G. W. Evans, Jr.,* for the appellee.

The testimony of the plaintiff, corroborated by the testimony of Shaw, a witness for the plaintiff, shows clearly that the defendant transferred his property to his brother, Sylvan Ladnier, in order to evade the payment of plaintiff's judgment. The statement of these two witnesses rests under no shadow of suspicion of untruth, while the testimony of the witness for the defense, the brother of the defendant, is an unreasonable story and contradictory, and the circumstances surrounding the whole transaction disclose the fact that he was assisting his brother to evade the payment of this judgment.

COOPER, C. J., delivered the opinion of the court.

The record of the proceedings before the justice of the peace was sufficient to show that a valid, though informal, judgment had been rendered in favor of the plaintiff. The entry on the docket shows that the plaintiff sued the defendant in assumpsit for eighty-one dollars; by the summons the defendant was informed of the character of the action and the sum demanded; he appeared and contested the claim, and the entry of the judgment is that it "is therefore ordered and considered by the court that plaintiff, Celestine Ladnier, recover of and from the defendant, Eli Ladnier, the sum as claimed in the above case, together with all costs of suit, for which let execution issue, etc." Looking to the whole record, it is clearly shown what amount was demanded and intended to be awarded to the plaintiff, and under the liberal rules which must, from necessity, be applied to judgments of justices of the peace, this judgment must be upheld. *Swain* v. *Gilder,* 61 Miss. 667; *Elliott* v. *Morgan,* 3 Harrington (Del.) 316.

The first, second, and fourth instructions for the plaintiff are erroneous.

By the first instruction the court told the jury that the "only"

question for its consideration was whether the defendant had fraud-ulently transferred the property to the garnishee, and that if it so believed the verdict should be for the plaintiff.

The issue thus presented was too narrow, and excluded from the jury all consideration of the presence or absence of good faith in the purchaser, who claimed to have been a purchaser for value, without any participation in or knowledge of the fraud of the seller, if any such fraud existed. If the transfer had been one con-fessedly voluntary, the instruction would have been appropriate and correct. But if the garnishee was in fact, as he claimed to be, a *bona fide* purchaser for value, then he was entitled to retain the property, even though the intent of the seller may have been to put it beyond the reach of creditors.

And if he accepted the transfer in good faith in extinguishment of a pre-existing debt he was a purchaser for value. *O'Hara* v. *Alexander*, 56 Miss. 316; *Anderson* v. *Lachs*, 59 Miss. 111.

The third and fourth instructions were upon the weight of evi-dence, and for that reason should not have been given. The facts therein recited are competent evidence to be considered by the jury in determining whether the sale was made with fraudulent intent, but whether these facts and circumstances, if proved, " indicated " a fraudulent intent, was a question to be determined by the jury and not by the court. *Jennings* v. *Thomas*, 13 S. & M. 617; *Fairly* v. *Fairly*, 38 Miss. 280; *May & Vaught* v. *Taylor*, 62 Miss. 500; *French* v. *Sale*, 63 Miss. 386.

*Judgment reversed.*