## Magnolia Walker *v.* T. J. Ross.

Married Woman.　*Deed of trust executed in 1871. Effort to avoid same. Case in judgment.*

In 1871 M., a married woman, executed a deed of trust for the purpose, as therein recited, of securing a debt for supplies and money used and to be used in cultivating a certain plantation, her separate property. The land was sold as provided in the deed, and was conveyed, upon a valuable consideration, to a purchaser relying upon the truth of the recital referred to, and having no notice of the falsity thereof. In 1886, M. brought ejectment to recover the land, on the ground that the trust deed was void, because based upon a debt for money borrowed by her husband and used in paying his individual debts. (The law in force when the deed of trust was executed declared that a married woman could only encumber her real estate for her husband's debts to the extent of the income thereof.) *Held,* that M. cannot recover. *O'Hara* v. *Alexander,* 56 Miss., 316, and *McDougal* v. *Bank, etc.,* 62 Miss., cited.

Appeal from the Circuit Court of Noxubee County.

Hon. S. H. Terral, Judge.

On the 21st of February, 1871, Magnolia Walker, a married woman, jointly with her husband, executed a deed of trust to R. E. V. Yates, trustee, for the benefit of Buck & Beauchamp, merchants, upon a tract of land constituting a plantation, and being her separate property. The consideration of the deed, as stated therein, was a promissory note given by the

grantors for supplies and money used and to be used for the benefit of, and in the cultivation of the plantation conveyed. The grantors in the deed of trust having made default in the payment of the note at the maturity thereof, the trustee, on the 10th of February, 1872, sold the land embraced in the trust-deed to J. W. Herron, who, on the 28th of December, 1872, conveyed it to Paul J. Connor. And, on the 17th of December, 1884, Connor conveyed the land to R. C. Patty, who, on the 20th of January, 1885, conveyed the same to T. J. Ross.

On the 9th of February, 1888, Magnolia Walker brought this action of ejectment against the tenants of T. J. Ross, to recover the land which was the subject of the conveyance above mentioned; and the latter, as landlord, was admitted as a defendant to the action.

At the trial the plaintiff showed title in herself at the time of the execution of the deed of trust to Yates. The defendant offered in evidence that deed of trust and the other deeds above referred to. The plaintiff objected to all of these as evidence, on the ground that the deed of trust was void because given by a married woman; but the objection was overruled and the deeds admitted in evidence. Ross testified that he bought the land in good faith and for a valuable consideration, relying upon the statements in the deed of trust to Yates as true, and without any notice that they were untrue. An objection of plaintiff to this testimony was overruled. The plaintiff then offered to prove that the note for which the deed of trust to Yates was executed was for money borrowed and used by the husband of the plaintiff in paying his individual debts, exclusively, and that she protested against signing the deed until assured by the beneficiaries therein that the land should never be sold under the deed, which was taken as a mere matter of form for their convenience. To this testimony the defendant objected, and it was excluded.

Under a peremptory instruction of the court, a verdict was rendered in favor of the defendant; and from the judgment thereon the plaintiff appealed.

*Foote & Foote*, for the appellant.

A mortgage executed by a married woman is void. *Har-*

*mon* v. *Magee*, 57 Miss., 416 ; *Nelson* v. *Miller, Adm'x*, 52 Miss., 410 ; *Hand* v. *Winn et al.*, 52 Miss., 784.

She is not estopped by the recitals in the trust-deed; because, if she signed it, it was void. That which she is incapacitated to do cannot estop her. Hence the difference by estoppel in a deed and in a mortgage. The married woman could, under Code of 1871, with her husband, make a valid deed ; but not a mortgage.

The trust-deed was for the husband's debt. Even if the court should conclude that defendant has any claim, then the bulk of the estate would not be liable; only the income. Then defendant would have no title; but would have to file a bill in chancery to subject the income. *Hand* v. *Winn et al.*, 52 Miss., 784.

*Bogle & Bogle*, for the appellee.

The question presented is, will Mrs. Walker be permitted to defeat the title of Ross by proof that her own declarations, made in the trust-deed, and for the express purpose of inducing the belief that it was her debt, were in fact untrue. If she had seasonably interposed, before the sale under the trust-deed, and while only Buck & Beauchamp were interested, it is conceded she would have been entitled to recover. But we insist that she is estopped to make that proof now, against the present owner of the land. She owned a separate plantation, and was empowered by statute to encumber that plantation for supplies. She did encumber it, and represented to the public, by means of her recitals in the trust-deed, that it was for plantation supplies ; and every principle of honesty and good faith requires that she should not be permitted, after the public has relied on her declarations, to contradict them to another's injury.

*Bodine* v. *Killeen*, 53 N. Y., 93; *McVey* v. *Cantrell*, 70 N. Y., 295 ; *Griffin* v. *Sheffield*, 38 Miss., 359; 2 Bish. on Mar. Wom., sec. 4{0 ; 2 Pom. Eq. Jur., sec. 814 ; *Nixon* v. *Halley*, 78 Ills., 611 ; *Patterson* v. *Lawrence*, 90 Ills., 174.

CAMPBELL, J., delivered the opinion of the Court.

The cases of *O'Hara* v. *Alexander*, 56 Miss., 316, and *McDougal* v. *Bank*, 62 Miss., 663, are decisive of this case.

*Affirmed.*