DAISY M. CROSS ET AL. *v.* NANCY HEDRICK.

1. MARRIED WOMAN. *Laches. Estoppel.*

A married woman, who, with her husband, gives a trust-deed on her property to secure a debt for goods therein contracted to be advanced to both, and where joint accounts are rendered her at the time, cannot, eight years after a sale thereunder and a recovery from her of the property by legal proceedings, impeach the sale by showing an arrangement with her husband under which he was to cultivate her lands for his own benefit, so that only the income of her property would be liable under the code of 1871.

2. ACQUIESCENCE IN MORTGAGE SALE. *Lapse of time.*

Nor can one, in such case, complain that the goods were charged at exorbitant prices; that proper credits had not been given, and the like. Having raised no objection to the accounts as rendered, and having taken no steps to prevent a sale while the matter was *in fieri*, after such a lapse of time, there being no concealment of facts, she will not be permitted to vacate the sale and re-open the transactions; and this although the beneficiary himself is the purchaser.

FROM the chancery court of the second district of Hinds county. HON. WARREN COWAN, Chancellor.

In 1876 the appellee, Nancy W. Hedrick, owned certain prop-

erty in the town of Bolton, where she resided, and a plantation near by. She was, and is yet, the wife of H. A. Hedrick. February 27, 1877, she and her husband executed to E. K. Myrick, a merchant in Bolton, a trust-deed on her town lots, and the crops to be grown on her plantation that year, to secure a debt consisting of a small balance of account due by H. A. Hedrick, and for goods which the deed recited were to be advanced to the grantors *jointly* during the year. The plantation was cultivated, and under the deed an account of several hundred dollars was made. After applying certain credits, the proceeds of cotton, etc., a settlement was had in March, 1878, resulting in a balance due the merchant of five hundred and fourteen dollars and forty cents, accounts being rendered by him to both parties. To satisfy this balance the lots were sold and a deed was executed by the trustee March 16, 1878, Myrick, the beneficiary, becoming the purchaser. April 1, 1878, he recovered possession of the lots in an action of unlawful detainer brought against Hedrick and wife. To satisfy a small balance still remaining due, Myrick, after some litigation, recovered a lot of corn under the trust-deed in an action of replevin against the parties. After coming into possession of the property in this way, the said Myrick, in the latter part of 1878, died, leaving appellants, his widow and children. Administration was had on his estate, which was finally closed several years afterward. Appellants remained in possession of the property, paying taxes, improving it, and receiving the rents. So matters stood until November 20, 1886, when the said Nancy W. Hedrick filed the bill in this case against appellants, alleging that the debt secured by the trust-deed was her *husband's,* that he obtained the advance to make a crop on his own account, and that she was only surety; further, that he was charged exorbitant and unconscionable prices for the goods bought; that he was charged with numerous articles never delivered, and that various credits to which he was entitled on the account had not been given. By reason of these facts it was averred that the beneficiary had created an apparent and fictitious balance when nothing was due; that in any event, the debt was the husband's and that the trust-deed, under the law in

force at the time it was executed, bound only the income of the wife's property. The prayer was for the cancellation of the trustee's deed and an accounting, and for a personal decree against the defendants for the excess of the rents over the amount paid out for taxes, repairs, and improvements.

Defendants demurred, and, among other things, set up the three and six years statute of limitations. The demurrer was overruled, and defendants answered denying the material allegations of the bill, and averring that overcharges had not been made, and that all proper credits had been given. In the answer the statute of limitations was again set up. Thereupon a reference was ordered, the transactions were re-opened, and an account by a commissioner was directed to be made as to the prices of the goods, the credits, the amount of the rents, the repairs, and the like. A great deal of testimony was taken as to these matters, much of which was conflicting, and there was a controversy as to how the plantation was worked during the year 1877, and for whose benefit the trust-deed was given, that is to say, whether the indebtedness was joint, or that of the husband alone. The commissioner reported, and various exceptions were filed by both sides.

On final hearing the court decreed in favor of the complainant, setting aside the sale under the trust-deed, and directing a reconveyance of the property, and a personal decree was entered against the widow, now Mrs. Cross, for one thousand one hundred and nineteen dollars and forty-five cents rents, and for all costs of the case. After restating the accounts between the parties, the court below found that there was a balance due of the secured debt amounting to two hundred and eight dollars and eighty cents at the time of the sale of the property under the trust-deed. Defendants were charged with the rents of the property from the time possession was obtained, soon after the sale, and after deducting taxes and repairs, and satisfying the above amount of two hundred and eight dollars and eighty cents, the balance of one thousand one hundred and nineteen dollars and forty-five cents was decreed to complainant, as stated.

From this decree defendants appealed. The other facts neces-

sary to a proper understanding of the case are stated in the opinion of the court.

*E. E. Baldwin,* for appellants.

1. The bill was carefully drawn to make out a case, in which the husband was the principal debtor, and the wife only surety, whereby, under our statute of 1857, only the rents and profits of her property would be bound by the trust-deed. But the proof is ample that the wife was the real party to whom credit was given, and that he joined in the deed only for the sake of conformity. She owned the plantation and other property, and he had nothing. So soon as this appeared, the claim now set up by the wife became subject to the statute of limitations. The three and the six years statute were pleaded, and both periods had elapsed since the adoption of the code of 1880, when the disabilities of married women were removed. Angell on Lim., ch. 12, § 7 ; *Clarke* v. *Dutcher,* 9 Cow. (N. Y.) 674; *Shelburne* v. *Robinson,* 3 Gilm. (Ill.) 597 ; *Bank U. S.* v. *Daniel,* 12 Peters 32; *Morris* v. *Budlong,* 78 N. Y. 543.

2. It is too late for the complainant to question the correctness of the account, and to insist upon the various items of payment, nearly ten years after the transaction, and when no objection whatever was raised to the accounts as rendered to her. Myrick is dead, and his books are destroyed, and the effort now to show the alleged payments will not be received favorably. The Hedricks did not question the accounts while the events were happening. They did not submit passively, but litigated the right to possession of the property, and they were represented by counsel.

3. After the account of Myrick had been trimmed by the court on every side, it showed that there was still due him at the time the sale was made two hundred and eight dollars and eighty cents, and this could not be gotten rid of in any possible way, yet the chancellor ignored it.

*E. E. Baldwin* made an oral argument.

*Calhoon & Green,* on the same side.

1. The trust-deed recites that the debt secured by it is that of both the grantors, and it is not disclosed that the husband alone

was indebted. The bill alleges that the deed was executed in fraud of the rights of Mrs. Hedrick, but it is nowhere alleged that My-rick was any party to the fraud, or that he even knew that the debt was due solely by the husband. Myrick, believing that Mrs. Hedrick was a principal, as recited in the deed, accepted the security and made the advances. This made Mrs. Myrick a principal, no matter what the arrangement was between her husband and herself. The debt being one for which the wife was liable according to the face of the deed, and the contract being *executed,* the court will not now permit the sale to be set aside. *McDougal* v. *Bank,* 62 Miss. 667 ; *Walker* v. *Ross,* 65 Miss. 523.

If part of the account was due by the husband, as no direction was given as to payments, they would be applied to the part due by the husband. *Williams* v. *Schwab,* 56 Miss. 338. If any part of the debt was due and unpaid, the sale was legal ; and if the amount of the debt did not equal the bid of Myrick, his estate would have been liable for the balance, but that is long since barred.

The above obstacles appear on the face of the bill, and the de-murrer thereto should have been sustained. But the proof sustains our defense and shows that the indebtedness was due from the *wife,* and that it was not paid.

2. Even if the debt was in fact that of the husband, yet as the contract recited that it was due also by the wife, and as Myrick was led to believe that both parties owed it, he was an innocent purchaser, and Mrs. Hedrick cannot assail the title. *O'Hara* v. *Alexander,* 56 Miss. 316.

3. No objection was made to the accounts when rendered, and Mrs. Hedrick kept them in her possession until produced at the trial, eight years after the transactions. She has been from under disability ever since 1880, and we submit that she is now estopped to claim the relief sought. The minor children of Myrick are interested, and the court will protect their rights by refusing relief after this lapse of time, even without any plea of the statute of limitations.

*M. Green* also made an oral argument.

*J. & J. M. Shelton*, for appellee.

1. It is claimed that the debt which the trust-deed was executed to secure was that of the husband alone, so that only the income of the wife's property was bound.

The *corpus* of the estate was attempted to be sold, the beneficiary becoming the purchaser. This is substantially a suit in equity for the redemption of a mortgage, or for the removal of an incumbrance. *Stephenson* v. *Miller*, 57 Miss. 49. Myrick by his purchase became clothed with the legal title, and as he was in possession, so soon as the rents and profits paid his debt, the complainant was entitled to file this bill to redeem, and for re-conveyance of the title. He is to be treated as a mortgagee in possession. This suit, being in reality for the redemption of a mortgage, is governed by the ten years statute of limitations. Mrs. Hedrick was under the disability of coverture until November 1, 1880, when our present code went into effect, and the bill was filed November 20, 1886, four years before the time had expired.

Believing that the balance really due Myrick by her husband at the time of the sale had been more than satisfied by the rents of the property, complainant filed this bill to redeem, praying for an accounting and for a decree over for the rental value of the lots. The bill was filed in time, and the court therefore properly overruled the demurrer and held that the suit was not barred. The case of *Morris* v. *Budlong*, 78 N. Y. 543, relied upon by opposite counsel, conflicts with the decision of this court in *Stephenson* v. *Miller*, and the case of *Bank U. S.* v. *Daniel*, 12 Peters, has no application here. Counsel filed a very elaborate and carefully prepared argument to show that the chancellor's decree was correct on the facts ; but, as this court rests its decision on the question of estoppel, holding that the complainant by reason of acquiescence and laches was not entitled to relief, a synopsis of such argument is not given here.

*J. Shelton* and *J. M. Shelton* each made an oral argument.

*C. E. Hooker, Jr.*, on the same side, filed a brief, making the following points :

1. The debt was that of H. A. Hedrick alone, and his wife

was only surety; hence the trust-deed bound the income only and not the *corpus* of her property, under the code of 1871.

2. Myrick, the beneficiary, himself bought, and this is, in effect, a bill to redeem a mortgage, and only the ten years statute of limitations is applicable to such a case.

3. A court of equity will scrutinize rigidly a sale made under a power in a mortgage or trust-deed, as said in the case of *McDougal* v. *People's Bank*, 62 Miss. 667; and particularly so where the beneficiary becomes the purchaser.

COOPER, J., delivered the opinion of the court.

The appellee is precluded of all relief sought by her on the facts stated in her bill by the lapse of time and her acquiescence in what was done by the creditor, Myrick, in securing the payment of the account as rendered by him to the appellee and her husband.

The deed of trust given to secure the payment of the account to be thereafter contracted, designated both herself and her husband as parties to whom the goods were to be sold; the accounts were kept by the merchant in their joint names, and were by him so rendered to them. No objection was then made that the debt was due by the husband alone, nor was the sale under the power in the deed prevented by resort to the courts. Having permitted the execution of the trust, she cannot, after the lapse of so many years, impeach the validity of the sale by evidence that by an arrangement between her husband and herself he was conducting business on her farm for his own exclusive benefit, by reason of which the debt secured was his debt and the security given on her other lands bound only the income and not the *corpus* of her estate. This point is settled by the cases of *McDougal* v. *The People's Bank*, 62 Miss. 667; *Walker* v. *Ross*, 65 Miss. 523.

If it be true as alleged in the bill that the goods sold were charged at exorbitant prices, that some of them were in fact never delivered and that credits to which she was entitled were omitted from the account, the reply is, that these objections should have been made when the accounts were rendered or at least while the matter was *in fieri*. There is no suggestion that any of these facts

Syllabus.

were concealed from her by the creditor. She must have known them then, for if they be true they were shown by the face of the accounts or were in her knowledge. With such knowledge, she submitted to the sale of the land under the deed ; was defeated in an action of replevin tried subsequently to such sale, in which it devolved on the creditor to establish the fact that there remained a balance due on the debt after credit had been given for the price of the land ; was defeated in a possessory action for the land itself, and only after the lapse of nearly nine years does she seek relief against the wrong done her. If she desired to protect her property from sale on any one of the grounds upon which she now complains, she should have tendered the sum really due, and if that had been refused as satisfaction, either to have enjoined the sale or have given notice of her purpose to contest its validity. The creditor (who became the purchaser at the trustee's sale) was bound by it and she was entitled to a credit on the account for the sum bid by him. If there were other credits which should have been previously given and were not, there was a right in her or her husband to recover to the extent thereof in an action at law. Having lost that right by lapse of time, she cannot revive the demand and secure an indirect recovery by annulling the sale to the end that credit may be given on the account.

There is no equity in complainant's cause.

*Wherefore the decree is reversed and bill dismissed.*